# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC MEEKINS,
              Appellant,

              v.

DEPARTMENT OF VETERANS
    AFFAIRS,
              Agency.

DOCKET NUMBER
SF-0432-17-0005-I-1

DATE: February 28, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Justin Prato</u>, Esquire, San Diego, California, for the appellant.

<u>Joseph Manuel Briones</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal from his position as a Rating Veterans Service Representative (RVSR) for unacceptable performance under 5 U.S.C. chapter 43 and found that he failed to prove his affirmative defenses of (1) disability

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discrimination on the basis of failure to accommodate, (2) disparate treatment disability discrimination, and (3) retaliation for prior protected equal employment opportunity (EEO) activity. For the reasons set forth below, we GRANT the petition for review. We MODIFY the initial decision to clarify the legal standard applicable to the appellant's claim of retaliation for prior protected EEO activity, and we REMAND the appeal to the regional office for further adjudication consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's arguments on review do not provide a basis to disturb the initial decision.

¶2 On petition for review, the appellant first argues that the administrative judge erred in denying two of his requested witnesses. Petition for Review (PFR) File, Tab 1 at 6-7. He contends that the testimony of these two Veterans Service Representative (VSR) employees was relevant to show that he was not afforded a reasonable opportunity to improve his performance because they would have testified as to how his supervisor manipulated work numbers and took away work from employees as well as tactics they witnessed the appellant's supervisor use to retaliate against other employees. *Id.* The record reflects that the administrative judge initially denied these requested witnesses because their proffered testimony concerning the appellant's supervisor's actions in removing work from the appellant would have been duplicative of the appellant's testimony and testimony of another VSR employee, who the appellant proffered would testify that he witnessed the appellant's supervisor remove work from the appellant and give other RVSR's credit for the appellant's work. Initial Appeal File (IAF), Tab 14 at 2-3.

¶3 However, the administrative judge indicated that he would reconsider denied witnesses based on a more detailed proffer of the relevance of their

testimony and a statement indicating that the requesting party discussed and/or attempted to discuss the anticipated testimony with the requested witness. *Id.* at 3. The appellant objected to the administrative judge's ruling regarding these witnesses and provided a more detailed proffer. IAF, Tab 15 at 4-5. The administrative judge then denied the appellant's request on the basis that he failed to indicate that he attempted to discuss the anticipated testimony with either of the individuals as required by the order. IAF, Tab 17 at 1-2. We find no abuse of discretion in the administrative judge's denial of the appellant's witnesses based on his failure to discuss their anticipated testimony in advance. *See Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 11 (2012) (stating that rulings regarding the exclusion of evidence are subject to review by the Board under an abuse of discretion standard). Without talking to the witnesses, the appellant could not confirm the accuracy of his proffers. *See Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (finding that an administrative judge has wide discretion to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious).

¶4      Next, the appellant challenges the administrative judge's conclusion that he failed to prove his affirmative defense of disability discrimination on the basis of failure to accommodate. PFR File, Tab 1 at 7-9. To this end, the appellant argues that the administrative judge erred in finding that he failed to show that he was a qualified individual with a disability and contends that the agency should have accommodated him by granting his request for a voluntary change to a lower-graded position as a Military Service Coordinator (MSC). *Id.* The record reflects that the appellant requested an accommodation in the form of a transfer to a new position away from his current supervisor with flexible hours, the option to telework, and/or a change to a new work environment in which he would be able to interact with other coworkers, veterans, and the general public. IAF, Tab 6 at 99-100. In addressing the appellant's claim that the agency failed to reasonably accommodate him, the administrative judge found that, assuming that

the appellant met the definition of disabled, he was not a qualified individual with a disability because he did not identify any accommodation or manner of modifying his RVSR position that would have allowed him to perform the essential functions of his position and he failed to explain how he was qualified to fill the MSC position based on his résumé and personnel file. IAF, Tab 19, Initial Decision (ID) at 19-21. The administrative judge also credited testimony that RVSRs and MSCs review similar documents and follow a similar process of examining and evaluating cases at the intake level and, thus, found that the appellant was not qualified for the MSC position based on his unacceptable performance as an RVSR. ID at 20-21. We discern no material error in the administrative judge's analysis and, therefore, discern no basis to disturb his conclusion that the appellant failed to show that the agency discriminated against him by failing to provide him with a reasonable accommodation.

¶5    Moreover, to the extent the appellant's request for a transfer amounted merely to a request for reassignment to a new supervisor, such a request does not constitute a request for reasonable accommodation. *See, e.g.*, *Roberts v. Permanente Medical Group*, *Inc.*, 690 F. App'x 535, 536 (9th Cir. 2017) (holding that a request for a new supervisor is per se unreasonable under Equal Employment Opportunity Commission guidelines); *Gaul v. Lucent Technologies Inc.*, 134 F.3d 576, 581 (3d Cir. 1998) (holding that a request to be transferred away from a supervisor who was causing a plaintiff stress was unreasonable as a matter of law); *Weiler v. Household Finance Corporation*, 101 F.3d 519, 526-27 (7th Cir. 1996) (holding that failure to grant the plaintiff's request for reassignment to a different supervisor did not constitute a failure to grant a reasonable accommodation).

¶6    Finally, the appellant's contention on review that the agency failed to engage in the interactive process, PFR File, Tab 1 at 8-9, is not supported by the record, which demonstrates that the agency repeatedly sought clarification from

the appellant concerning the nature and effect of his disabilities and the particular accommodations he was seeking, IAF, Tabs 6-7.

<u>We modify the initial decision to clarify the legal standard applicable to the appellant's claim of EEO reprisal.</u>

¶7    The appellant does not discernably challenge the administrative judge's conclusion that he failed to prove his affirmative defense of reprisal for prior protected EEO activity; however, we modify the initial decision to clarify the applicable legal standard.

¶8    Here, the appellant alleged before the administrative judge that the agency had retaliated against him due to numerous instances of prior EEO activity, i.e., requesting a reasonable accommodation and filing complaints wherein he alleged disability discrimination.  ID at 23.  In analyzing the appellant's EEO reprisal claim, the administrative judge relied on the motivating factor standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.[2]  ID at 21-26.  Although the motivating factor standard enumerated in *Savage* is applicable to claims alleging retaliation for EEO activity pertaining to discrimination on the basis of sex, race, and age, EEO activity alleging disability discrimination is protected by the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), and, therefore, subject to a different legal standard.  *See Pridgen*, 2022 MSPB 31, ¶¶ 35, 37, 40 (recognizing that complaining of disability discrimination is an activity protected by the ADAAA and explaining that the motivating factor standard is therefore inapplicable to claims of retaliation related thereto).  In

---

[2]  In so doing, the administrative judge referenced direct evidence and types of circumstantial evidence; however, we find no indication that he disregarded any evidence because of its direct or circumstantial nature.  ID at 22-23; *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

*Pridgen*, the Board recognized that, for an ADAAA retaliation claim, the appellant must prove "but for" causation. *Id.*, ¶ 40.

¶9　　　Although the administrative judge here did not consider or apply the more stringent "but for" standard, because we agree with his conclusion that the appellant failed to meet the lesser burden of proving that any of his protected activity was a motivating factor in his removal, the appellant necessarily failed to meet the more stringent "but for" standard that applies to his ADAAA retaliation claim.[3]　ID at 25; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 9 (2016).

Remand is required in light of *Santos*.

¶10　　　In affirming the appellant's performance-based removal, the administrative judge correctly cited and applied the Board's precedent setting forth the relevant legal standard for such actions under chapter 43.　ID at 5-13.　In so doing, he acknowledged that the appellant had challenged whether his placement on the PIP was justified, but he explained that the agency was not required to demonstrate that the appellant's pre-PIP performance had been unacceptable.　ID at 8-9. Subsequent to the initial decision, however, the Federal Circuit held for the first time that, to support an adverse action under chapter 43, an agency "must justify institution of a PIP" by showing that the employee's performance was unacceptable prior to the PIP.　*Santos*, 990 F.3d at 1360-61.　Therefore, to defend an action under chapter 43, an agency must now also prove by substantial evidence that the appellant's performance during the appraisal period prior to the PIP was unacceptable in one or more critical elements.　*See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.　The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events

---

[3] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, it is unnecessary for us to address whether the appellant's alleged disability was a "but for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 30.

took place.  *Id*., ¶ 16.  We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*.  *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *see also Lee* 2022 MSPB 11, ¶ 16 (remanding the appellant's chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

¶11       On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable.  The administrative judge shall hold a supplemental hearing if appropriate.  The administrative judge shall then issue a new initial decision consistent with *Santos*.  If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision.  However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision.  *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

For the reasons discussed above, we grant the appellant's petition for review, modify the initial decision to clarify the legal standard applicable to the appellant's claim of EEO reprisal, and remand this case to the regional office for further adjudication consistent with *Santos*.

FOR THE BOARD:                                    /s/ for
                                                  Jennifer Everling
                                                  Acting Clerk of the Board

Washington, D.C.